UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DePUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION

| | |
|---|---|
| William E. Dickinson, et al. v. DePuy Orthopaedics, Inc., et al., N.D. California, C.A. No. 3:12-01199 ) ) | |
| Dennis Robinson v. DePuy Orthopaedics, Inc., et al., W.D. Virginia, C.A. No. 3:12-00003 ) ) | MDL No. 2244 |

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in two actions pending, respectively, in the Northern District of California and the Western District of Virginia move to vacate our order that conditionally transferred the actions to MDL No. 2244. Defendants DePuy Orthopaedics, Inc.; Johnson & Johnson; and Johnson & Johnson Services, Inc., oppose the motions.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2244, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Northern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's Pinnacle Acetabular Cup System hip implants. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F.Supp. 2d 1358 (J.P.M.L. May 23, 2011). These actions involve injuries from implantation of a DePuy Pinnacle Acetabular Cup System hip implant and clearly fall with the MDL's ambit.

Plaintiffs do not dispute that their actions share questions of fact concerning Pinnacle hip implants with actions pending in MDL No. 2244. Plaintiffs instead base their arguments against transfer primarily on the pendency of their motions to remand the actions to state court. Plaintiffs can present their respective motion for remand to the transferee judge.[1] *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge Kathryn H. Vratil did not participate in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

*[Court seal and certification stamp: "I hereby certify a true copy of an instrument on file in my office on 6/8/12 — Clerk, U.S. District Court, Northern District of Texas — by _____ Deputy"]*

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable James E. Kinkeade for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.       Barbara S. Jones
Paul J. Barbadoro            Marjorie O. Rendell
Charles R. Breyer